ANTHONY LIKER, ESQ.
NEVADA BAR NUMBER 4670
4775 Oakwood Drive, No. 423
Odessa, Texas 79761
775-340-8409
tnyliker@gmail.com
Attorney pro se



FILED
FEB 21 2023
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

ANTHONY WADE LIKER, ESQ.

Plaintiff,

vs.

TEXAS BOARD OF LAW EXAMINERS, A DIVISION OF THE TEXAS SUPREME COURT, A POLITICAL SUBDIVISION OF THE STATE OF TEXAS

CASE NO. 7:23-cv-034

COMPLAINT FOR DISPARATE TREATMENT BASED UPON VIOLATION OF THE FEDERAL 14TH AMENDMENT AND OF DUE PROCESS AND VIOLATION OF SB 1978 CODIFIED AT TEX. GOV'T CODE § 2400.002.

INJUNCTIVE RELIEF REQUESTED

### INTRODUCTION

This action is brought based upon the wrongful denial of Plaintiff's application for admission to the State Bar of Texas, based wholly or partly on his strong Christian membership in, affiliation with,

1

or contribution, donation or other support provided to a religious organization. On reason and belief, the denial by the Texas Board of Law Examiners, hereinafter "TBLE", constitutes a violation of his constitutional rights including Plaintiff's religious rights, his right to Free Speech, the First Amendment, Due Process, and Equal Protection, as guaranteed by the United States Constitution, as well as constitution a violation of SB 1978 CODIFIED AT TEX. GOV'T CODE § 2400.002, and other statutes. This complaint follows.

## JURISDICTION AND VENUE

This is a civil rights action relating to the wrongful denial of Mr. Liker's application to be admitted to the State Bar of Texas, said denial brought against the Texas Board of Law Examiners, hereinafter TBLE. The denial of his application by TBLE constitutes a violation of his rights to Equal Protection, Due Process, and Free Speech, all in violation of his Federal Constitutional rights. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC § 1367 to hear and decide claims arising under state law, specifically, Texas state law-grounded relief, e.g., under Tex. Civ. Prac. & Rems. Code, § 106 ("Discrimination Because of Race, Religion, Color, Sex, or National Origin"), and/or under the Texas Religious Freedom Restoration Act of 1999, codified at Tex. Civ. Prac. & Rems. Code, § 110.001 et seq., as well as under TEX. GOV'T CODE § 2400.002. Plaintiff also prays for injunctive relief, declaratory relief and court costs and reasonable attorney fees.

## PARTIES

1. Plaintiff, ANTHONY WADE LIKER, ESQ., is an attorney licensed to practice in the State of Nevada, and in the Federal District of Nevada.

2

2. The Defendant, TEXAS BOARD OF LAW EXAMINERS, (hereinafter "TBLE") is a division of the State Bar of Texas, a subdivision of the State of Texas. TBLE is a judicial agency responsible for determining that applicants seeking to be licensed to practice law in Texas meet the qualifications set by the Supreme Court of Texas.

ALLEGATIONS COMMON TO ALL CLAIMS.

3. That on June 3, 2021, Plaintiff who is a Nevada attorney in good standing for 30 years applied to be admitted to the State Bar of Texas pursuant to TX R ADMISSION Rule 13 governing admission. Plaintiff only has one discipline (after 30 years as a lawyer in Nevada) on his Nevada State Bar record which is a 2019 Public Reprimand with a $1,500 fine from a non client, religious and political opponent from Plaintiff's opposition to Nevada brothels and Nevada marijauna dispensaries as gateway drug houses to marijuana laced with herione per his church leaders.

4. That Plaintiff timely amended his application, having omitted his prior rejected North Dakota Bar Application filed in 2013.

5. That Plaintiff had omitted prior letters of caution, of dismissal, diversion, and/or warning and a private reprimand with a fine of $500.00, as he, in good faith believed that these matters did not need to be disclosed based upon the advice of his attorney, William Terry, Esq. as they were all expunged and not on his Nevada Bar discipline record, except the 2019 Letter of Public Reprimand from a bar complaint from a non-client, religious and political opponent involving brothels and a marijuana dispensary which Plaintiff believed God had put on his heart to expose its evil or harm as numerous children were overdosing and dying or committing suicide due to marijauna laced with man made heroine per Plaintiff's church pastor. Thus, everything besides the 2019 Letter of Public Reprimand on Mr. Liker's Discipline history is expunged and under

3

Nevada law treated as if they never happened and Mr. Liker is entitled to say and write that they never happened under Nevada law. In addition, under Federal constitutional law of Full Faith and Credit, Texas or any other state is required to treat it the same way that Nevada does (ie. expunged as if they never happened and Liker is entitled to say they never happened).

6. Plaintiff also omitted a Nevada Bar diversion hearing from 2013 which he successfully completed which was also expunged which required sessions with Dr. Hunter which ruled that Liker had successfully completed.

7. That Plaintiff omitted prior lawsuits which had been settled and or discharged, these case were close to ten years prior to his application, as past ten years were not considered on civil cases per TBLE, and no adverse findings were entered against Plaintiff. Three of the five were called interpleaders which in Nevada have the attorney's name on the lawsuit and are simply a request for the Judge to divide monies on an injury case in a dispute between the medical providers, the attorney and the client.

8. That all of the above omissions ended up being disclosed, and none of this evidence was sufficient to deny Plaintiff's Application.

9. During this 2013 Nevada Bar Diversion hearing, as evidenced by the transcript in the hearing, the Nevada Bar commented on sending Plaintiff to treat with Dr. Hunter as part of the Diversion and Plaintiff's many references to Jesus Christ and Plaintiff's strong Christian religious beliefs and leading his clients to Christ and to Christian churches. This transcript was given to TBLE prior the October 2022 in front of the panel of TBLE. TBLE had continued the hearing from September 2022 over Plaintiff's objection which was considered highly unusual.

4

10. Plaintiff did, however in his Application to TBLE, disclose the 2019 public reprimand with a $1,500 fine issued, which was the only public discipline that Plaintiff has ever sustained.

11. Plaintiff had in 2018 unsuccessfully ran for a seat on the Elko (Nevada)City Council, and a major platform was his opposition to marijuana dispensaries, he had voiced his opposition, as a Christian, to brothels, and he voiced this to the very public defender that filed the bar complaint, joined in with the Assistant District Attorney. The TBLE based part of its denial on this 2019 Public Reprimand which was based on Liker's Christian support of Christian organizations. (The client did not file the bar complaint, and Mr. Liker provided a complete refund to the client). It turns out that the client ended up with very severe punishment much much greater than the plea agreement that had been negotiated by Plaintiff.

12. Within Plaintiff's application, he wrote to the TBLE that he believed that God had sent him a message in 2018 to oppose the harm of the Dispensary.

13. Also, during the 2013 Nevada Bar Hearing transcript where Plaintiff received a diversionary disposition, his strong belief in Christianity was apparent and replete. During this hearing, Plaintiff was cautioned against sharing his Christian religious beliefs to his clients and leading them to attend Christian churches , and as a part of the diversionary program, he was to successfully complete counseling with Dr. Hunter for communication skills and to tone down his Christian beliefs with his clients, despite having only one client mention it (not complain) four years after the fact. In fact, since 2003, Plaintiff has spoken to thousands of clients and people about accepting Jesus as Lord and going to Christian churches without a single complaint to the Nevada Bar. The only two doctors in evidence said that Liker was fit to practice law and not a danger to the public. So did the 4 or 5 attorney witnesses who testified for Plaintiff. TBLE had

5

no witnesses and no proof that Plaintiff did not have the PRESENT moral character to practice law in Texas. In addition, Liker had recommendation affidavits/letters from about 20 Nevada Judges and 2 Nevada Supreme Court Justices vouching for his fitness to practice law. Not one judge has ever sanctioned Liker in 30 years of practicing law in Nevada nor referred a matter to the Nevada Bar.

14. Even his counsel verbally warned, during the summer of 2022, Plaintiff that if he talked about God and Jesus in front of the Texas Board of Law Examiners at the hearing that his Texas Bar application would be denied for sure because the 3 member panel would think Plaintiff was crazy if Plaintiff talked about God and Jesus. Plaintiff responded to his counsel at this time, that Plaintiff would not talk or write about God and Jesus any more to the TBLE, Plaintiff told his counsel that he (Liker) was only worried about Christian references on his documents submitted to the TBLE previously. His counsel told Plaintiff at that time let us hope that the TBLE panel does not see them.

15. During the TBLE hearing in October 21, 2022 in Austin, Texas, it was clear that Plaintiff's strong Christian beliefs, his strong beliefs in Jesus and Christian churches were in full display in his written exhibits and the TBLE's written exhibits which Plaintiff had written about. TBLE in their exhibits has documents where Plaintiff had referred to God or Jesus or Christian or Christians about 39 times. Plaintiff had about 15 Christian religious references in his exhibits, as Plaintiff quit making references about his Christian faith after the warning by his counsel during the 2022 summer. However, it was already in many of his documents given to the TBLE. In addition, the 35 page transcript from 2013 at the Nevada Bar concerning Dr. Hunter, and the Diversion program was replete with references of Plaintiff leading all his clients to Jesus politely. TBLE's Table of Contents of Exhibits, on page 2 of 343, uses the worst words possible like "Intensive

6

Outpatient Psychotherapy" instead of treatment or therapy. These are clearly a reference or references to the 35 page Nevada Bar hearing where Plaintiff is sent to see Dr. Hunter, which has numerous discussions about Liker being too pushy about his Christianity, although there is no proof that anyone ever complained about it. TBLE is clearly trying to imply or say that Plaintiff is crazy because he tries to lead his clients to Jesus and therefore, we have to deny him a Texas Bar license. Keep in mind, that when a black couple goes for a home loan at the bank and the banker is racist against black people. When the racist denies the loan because he is racist, he is not going to say in writing that he denied the loan to this couple because they are black. The same applies to the TBLE.

16. That during the Texas October 2022 hearing, Plaintiff did not mention the Christian religion, God nor Jesus. Further, one TBLE personnel expressed verbally or in written form that Plaintiff went to Dr. Hunter for mental health issues, which necessarily is an adverse reference to Plaintiff's strong Christian beliefs and his strong belief in the power of leading people to accepting Jesus as their Lord and Savior (all in a consensual non pushy way). Dr. Hunter, and the Diversion program was discussed greatly during the 2013 Diversion hearing in front of Nevada Bar and the TBLE was given a copy of the about 35 page plus transcript from Plaintiff prior to the October 2022 TBLE hearing. If people do not want to give permission to hear about Jesus, Liker would always, per the Bible, immediately stop talking about Jesus. Jesus does not want the Great Commission forced on people. People have free will, but the laborers are few. Plaintiff believes that our greatest obligation to Heavenly Father and his Son, Jesus is to politely lead people to Christ and get them into Christian churches. In addition, Plaintiff would support and try to get other people to support Christian churches throughout the USA and in other parts of the world, including the Christian churches called ICLV Church and Word of Life Church in LV, NV;

Living Stones Church in Elko, NV; Kingdom Life Church in Frisco, Tx; Presence Church in Midland, TX and Grandview Church of God in Odessa, Texas. TBLE also does not want strong Christian attorneys helping Christians and Christian churches. It is clear that TBLE denied Plaintiff's application wholly (or at least partly) because of Plaintiff having membership in, affiliation with, or contribution, donation, or other supported provided these Christian religious organizations listed in this complaint and others. This is also clear disparate treatment by the TBLE based upon Plaintiff's Christian religious beliefs which is a violation of the federal 14th amendment and Due Process.

17. Despite there being only ONE published discipline (the 2019 Public Reprimand from a non client, religious and political opponent), Mr. Liker was denied entry to the State Bar of Texas by the Defendant TBLE in a ruling from signed in December 2022. TBLE has in the past given Texas bar licenses to numerous convicted criminal felons, sex offenders, alcoholics, serious drug addicts, and attorneys from other countries. TBLE has written guidelines allowing in attorneys to Texas with these serious problems. Plaintiff has never been convicted of a crime, is not a sex offender, has no alcohol problems, has never used illegal drugs and is strongly against using illegal drugs. Plaintiff was born in the USA in western Kansas in Hays, Kansas. Liker forgot some things on his application which he unfortunately hurried and completed from May 20, 2021 to June 3, 2021 which was in only 14 days. Plaintiff had invested over $200,000 to own about half of the business at the time and was very busy at the time he filed the TBLE application. In 30 years, Plaintiff has only one blemish on his disciplinary record which was from a 2019 Public Reprimand with basically only a $1,500 fine from a non-client, religious and political opponent. In addition, the Nevada economy was very bad from 2008 through 2015. In fact, in 2010, 12 percent of Las Vegas could not pay their home mortgage and Las Vegas was ranked by ABC

8

News as the 5th worst city economically in the world. Plaintiff had recovered from his past economic problems at the time of the October 2022 hearing. Plaintiff in 2015 in support of his North Dakota bar application had 20 Nevada Judges and 2 Nevada Supreme Court Justices recommend Plaintiff in writing in 2015. Most of the Judges and Justices said that Liker was truthful, well liked in the legal community, fit to practice law and has good moral character. Plaintiff has not had any fee disputes or Nevada bar complaints since 2014, except the 2019 Public Reprimand. Dr. Hunter and Dr. Villanueva wrote that Plaintiff was fit to practice law and/or not a danger to the public. Plaintiff also had four or five attorneys testify on his behalf that he was fit to practice law and not a threat to the public. In order to deny Plaintiff a license to practice law, the TBLE must establish a clear and rational connection between (1) <u>a present</u> character trait of Plaintiff and (2) the likelihood that Plaintiff would injure a client, obstruct the administration of justice, or violate the Texas Disciplinary Rules of Professional Conduct. TEX. GOV'T CODE § 82.028(c)(1); Kastner v. Texas Bd. Of L. Examiners, No. 03-10-00167-CV, 2011 WL 3890398, at *2 (Tex. App. 2011)(emphasis added). The burden of proof is on the TBLE. The TBLE did not have a legal basis at all in dening Plaintiff's application. In addition, it is clear that TBLE based its denial wholly (or at least partly) because of Plaintiff's Christian beliefs, or Christian membership in, affiliation with, or contribution, donation and/or other support provided to a religious organization . This is also clear disparate treatment by the TBLE based upon Plaintiff's Christian religious beliefs which is a violation of the federal 14th amendment and Due Process.

<u>FIRST CAUSE OF ACTION-DENIAL OF EQUAL PROTECTION AND DUE PROCESS</u>

18. Plaintiff repeats the prior paragraphs as if fully set out therein.

19. That the 14th Amendment to the U. S. Constitution holds that:

9

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV

20. That similarly situated individuals have been allowed admission into practice by TBLE.

21. That the Plaintiff's clear expression of his strong belief in Jesus contributed to his being denied into admission by the TBLE.

22. That such denial constitutes a violation of his Due Process and Equal Protection rights under the 14th Amendment to the US Constitution; consequently, Plaintiff brings this action before this Honorable Court.

## SECOND CAUSE OF ACTION-VIOLATION OF TEX. GOV'T CODE § 2400.002.

23. Plaintiff repeats and realleges the prior paragraphs as if fully set out therein.

24. That "Notwithstanding any other law, a governmental entity may not take any adverse action against any person based *wholly or partly* on the person's membership in, affiliation with, or contribution, donation, or other support provided to a religious organization." Tex. Gov't Code Ann. § 2400.002.

25. That the denial of Plaintiff's admission was at a minimum, partly based upon his membership and affiliation with Christianity and his belief in Jesus.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, who reserves his right to amend this complaint and add additional Defendants and additional causes of action, prays for relief as follows:

1. Declaratory Relief ancillary to the Injunctive Relief, pursuant to the Federal Declaratory Judgment Act (codified at 28 U.S.C. § 2201), that the denial of Plaintiff's application was in violation of his statutory rights pursuant to Tex. Gov't Code Ann. § 2400.002, and that denial of his Application for Admission constitutes and violation of his Rights to Due Process, Equal Protection, and Free Speech pursuant to the First and Fourteenth Amendments to the United States Constitution,

2. That he be allowed admission to practice in Texas, and

3. For any other relief to which Plaintiff may show himself to be entitled.

Dated this 21st day of February, 2023

/s/ _____
ANTHONY LIKER, ESQ.
NEVADA BAR NUMBER 4670
4775 Oakwood Drive, No. 423
Odessa, Texas 79761
775-340-8409
tnyliker@gmail.com
Attorney pro se

11