IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **ANTHONY WADE LIKER, ESQ.;**<br>    *Plaintiff*,<br><br>v.<br><br>**TEXAS BOARD OF LAW EXAMINERS, A DIVISION OF THE TEXAS SUPREME COURT, A POLITICAL SUBDIVISION OF THE STATE OF TEXAS; PANEL CHAIR FOR TBLE ALFRED MACKENZIE, TBLE PANEL MEMBER ANNA MCKIM, TBLE PANEL MEMBER DWAINE MASSEY, TBLE LEGAL ASSISTANT CHRISTOPHER COPELAND, STAFF ATTORNEY ERIC HSU, JOHN DOES,**<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **MO:23-CV-00034-DC** |

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is United States Magistrate Judge Ronald C. Griffin's Report and Recommendation ("R&R") filed in the above-captioned cause on June 27, 2023, in connection with Defendant Texas Board of Law Examiners' Motion to Dismiss. (Doc. 13) This matter was referred to the Magistrate Judge.[1] Neither party filed objections, and the deadline to do so has expired.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within 14 days after being served with a copy of the findings and recommendations.[2] Failure to file written objections to the R&R within 14 days after being served with a copy shall bar that party from *de novo* review by

---

[1] *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72.
[2] 28 U.S.C. § 636(b)(1).

the district court of the proposed findings and recommendations.[3] What's more, except upon grounds of plain error, it shall also bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed.[4]

Having reviewed the R&R, the Court finds it neither clearly erroneous nor contrary to law. Thus, the Court **ADOPTS** the recommendation that Plaintiff be given leave to amend his complaint. Plaintiff has, however, already filed an amended complaint without the Court's leave. (Doc. 16). The Court will consider Plaintiff's Amended Complaint as responsive to this Order because of Plaintiff's pro se status and lack of objections to giving him leave to amend.[5]

It is therefore **ORDERED** that Defendant's Motion to Dismiss be **DENIED** as **MOOT**. (Doc. 6).

Defendants' deadline to respond to Plaintiff's Amended Complaint will be 21 days from the entry of this Order.

It is so **ORDERED**.

SIGNED this 20th day of July, 2023.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[3] *Id.*
[4] *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).
[5] Although Plaintiff is proceeding pro se, he has proudly attached the honorific "Esq." to his name and provided a Nevada bar number on his original complaint. Thus, the Court cautions Plaintiff that an "Esq." suing for admission to another state's bar should be able to follow the local rules and Federal Rules of Civil Procedure.